943 So.2d 305 (2006)
CONTINENTAL STEVEDORING TERMINALS, INC., Appellant,
v.
P & O PORTS FLORIDA, INC., Appellee.
No. 3D06-126.
District Court of Appeal of Florida, Third District.
December 6, 2006.
*306 Bilzin Sumberg Baena Price & Axelrod and Michael N. Kreitzer and David N. Arizmendi, Miami, for appellant.
Holland & Knight and Rodolfo Sorondo, Jr., and Christopher N. Bellows, Miami, for appellee.
Before WELLS, CORTIÑAS, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
Continental Stevedoring & Terminals, Inc. ("Continental") appeals from a "Final Judgment Pursuant to Appellate Mandate," ("Second Final Judgment"), arguing that upon remand, the trial court failed to follow this court's opinion in P & O Ports Florida, Inc. v. Continental Stevedoring & Terminals, Inc., 904 So.2d 507 (Fla. 3d DCA 2005), and this court's mandate. We disagree.
In P & O Ports, we set forth the facts leading to the lawsuit filed by Continental against P & O Ports Florida, Inc. ("P & O"), and further explained the final judgment ("First Final Judgment") entered by the trial court and our reasoning for reversing the First Final Judgment. Nonetheless, we provide a brief summary of these facts and explain what has transpired following the issuance of our opinion in P & O Ports.
P & O and Continental are each 50% members of Eller-ITO Stevedoring Company ("Eller-ITO"). The parties operate pursuant to an Agreement which includes a buy-sell provision (paragraph 13.2) and a non-compete provision (paragraph 14.1). On April 9, 2003, P & O offered to purchase Continental's 50% interest in Eller-ITO for $7.2 million, but without the protection of the non-compete provision.
Continental filed a complaint against P & O for declaratory (Count I) and injunctive (Count II) relief. In Count I, Continental sought a determination that the offer was unenforceable because it violated the Agreement by not including a non-compete provision; and in Count II, Continental sought an injunction, seeking to prohibit P & O from exercising the buy-sell provision of the Agreement.
The trial court referred the matter to a special master, and following an evidentiary hearing, the special master submitted *307 its report and recommendations. The trial court entered the First Final Judgment, approving, ratifying, and adopting the special master's report and recommendations. As to Continental's claim for declaratory relief, the trial court declared that the non-compete clause in paragraph 14 of the Agreement survives any transfer of a member's interests, and that the "buy-sell" offer was valid. Moreover, in paragraph 3 of the First Final Judgment, the trial court granted Continental's claim for injunctive relief, enjoining the parties from conducting in Miami-Dade County any type of business activity conducted by Eller-ITO, and provided that the injunction shall terminate three years after a member sells its interest or upon the dissolution of Eller-ITO, whichever occurs first.
P & O appealed the First Final Judgment to this court. This court found that the special master's findings of fact, including that the parties intended for the non-compete provision to survive a change in ownership, were supported by substantial competent evidence. This court "reversed and remanded" holding:
We find, however, once the trial court concluded that the parties could not change the provisions in the non-compete clause as a condition of the offer, it was error to strike the improper condition and to allow Continental to accept the judicially altered offer. We conclude that Continental was not free to accept the offer as modified by the court and P & O was not legally bound by its offer which had been materially altered by the court.
P & O Ports, 904 So.2d at 510.
Thereafter, Continental filed a motion for clarification, stating, "This Motion for Clarification is directed solely to the issue of whether this Court, in reversing and remanding the Final Judgment, intended to set aside the Injunction precluding" P & O and Continental "from competing against" Eller-ITO. In response, P & O argued, "In light of the striking of the offer and return of the parties to the status quo, the Court properly reversed the entire judgment  including the injunction. As it now stands, there is no offer, no upcoming sale, and no basis for an injunction arising upon the closing of the sale. . . ." This court denied Continental's motion for clarification.
Thereafter, P & O moved to have the trial court enter an order vacating the First Final Judgment and to enter a judgment of dismissal. Continental responded by arguing that the final judgment upon remand must state that the buy-sell offer was "void as it was an invalid offer" and that the injunction remains in effect. Thereafter, the trial court entered its Second Final Judgment. This judgment, however, did not include the language contained in paragraph 3 of the First Final Judgment, which granted injunctive relief. Moreover, paragraph 5 of the Second Final Judgment provides:
The report and recommendations of the Special Master in favor of Defendant P & O Ports Florida, Inc. and against Plaintiff on Plaintiff's allegations of bad faith, default and breach of contract, were not appealed by Continental and therefore stand as correct and as law of the case. Accordingly, these findings are approved and ratified as the final judgment of this court.
In this appeal, Continental contends that the trial court exceeded its authority upon remand by eliminating from the Second Final Judgment the language contained in paragraph 3 of the First Final Judgment, which granted Continental's request for injunctive relief. In support of its argument, Continental argues that paragraph 3 the First Final Judgment was *308 neither appealed nor addressed by this court in P & O Ports. We disagree.
In P & O's initial brief filed in its appeal from the First Final Judgment, P & O argued that the entire final judgment must be reversed, "including the injunction prohibiting competition." Specifically, P & O argued, "If the offer is rejected and voided, the parties are returned to their original position and original activities. The special master found (and the [trial] court agreed) that those activities were not in violation of the noncompete agreement, so there is nothing to enjoin." It is clear that we treated the issue regarding injunctive relief as related to and dependent upon P & O's attempt to enforce its offer. As we held that P & O's offer "was void, as it was an invalid offer," Id. at 511, the portion of the First Final Judgment granting injunctive relief was also voided. As this court found that the "buy-sell" offer was void, there was no basis for the imposition of an injunction. Moreover, in P & O Ports, this court "reversed and remanded," and based on the above analysis, our reversal included paragraph 3 of the First Final Judgment, in which the trial court granted Continental's request for injunctive relief. Accordingly, the trial court correctly applied this court's mandate by not including in the Second Final Judgment the injunctive relief granted in paragraph 3 of the First Final Judgment.
Continental also contends that the trial court exceeded its authority upon remand by including paragraph 5 in the Second Final Judgment. We disagree.
In the First Final Judgment, the trial court approved and ratified the special master's report and recommendations, which included findings regarding Continental's allegations against P & O of bad faith, default, and breach of contract. In the appeal from the First Final Judgment, P & O did not appeal and Continental did not cross-appeal any of these findings. The Second Final Judgment merely points out that these finding were not appealed, and therefore, "stand as correct and as law of the case." A review of the special master's report and recommendations indicates that the special master's findings regarding Continental's allegations of bad faith, default, and breach of contract were in favor of P & O, not Continental. Thus, we find no error within the Second Final Judgment issued by the trial court.
Affirmed.